UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17CR297AGF (PLC) |
| | ) | |
| DEVON N. GOLDING, | ) | |
| REUBEN F. GOODWIN, | ) | |
| PHILLIP L. JONES, | ) | |
| DWIGHT McTIZIC, | ) | |
| NICOLE McTIZIC, | ) | |
| KAZIM A. MEO, and | ) | |
| REHAN RANA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the pretrial motions of Defendants Devon N. Golding, Reuben F. Goodwin, Phillip L. Jones, Dwight McTizic ("D. McTizic"), Nicole McTizic ("N. McTizic"), Kazim A. Meo ("K. Meo"), and Rehan Rana.   As set forth more fully in the Order and Report and Recommendation ("R&R") of the Magistrate Judge (ECF No. 350), Defendants are charged in thirty-one counts with two conspiracies, four health care fraud schemes and related substantive offenses alleged to have occurred between 2009 and 2016 with respect to specimen-testing by three different medical laboratories: Allegiance Medical Services, LTD ("Allegiance"), AMS Medical Laboratory, Inc. ("AMS"), and Western Slope Laboratory, LLC ("Western Slope").

Defendants Rana and Golding moved to dismiss the indictment, (ECF Nos. 139 and 199, respectively), and Defendant Rana moved, in the alternative, for a bill of particulars

(ECF No. 140).   Defendants Rana, Golding, D. McTizic, K. Meo and Jones moved for early disclosure or production of Jencks Act materials.   (ECF Nos. 142, 200, 264, 267, and 301, respectively).   Defendants Rana, Golding, and K. Meo moved to compel production of statements of non-cooperating witnesses.   (ECF Nos. 142, 200, and 267, respectively).   Defendants Rana, Goodwin, Golding, N. McTizic, D. McTizic, K. Meo, and Jones moved to sever, variously, counts and individual Defendants.   (ECF No. 141, 186, 198, 257, 263, 266, and 299).   All pretrial motions were referred to United States Magistrate Patricia L. Cohen under 28 U.S.C. § 636(b).

The Magistrate Judge held a hearing on Defendants' motions on April 11, 2018, at which all Defendants appeared with counsel, except two Defendants who waived their appearances and appeared only through counsel, and Defendant Jones, who appeared *pro se*, with standby counsel.   At the hearing, counsel presented argument, and the Magistrate Judge ordered further briefing on one issue.

With respect to the trial, various Defendants moved to sever the trial on Counts 1-6 (involving Golding, Rana and K. Meo, and alleging conduct occurring between 2009 and late 2012 related to specimen-testing by Allegiance) from Counts 7-24 (involving Goodwin, Jones, and the McTizics, and alleging conduct between 2012 to 2016 related to specimen-testing by AMS).   Defendants further requested severance of their trials on Counts 25-31, which involved conduct of Anthony Camillo[1] and AMS with respect to the alleged health care schemes related to specimen-testing by Western Slope.   The United States consented to these severance requests, agreeing to a trial of Defendants Golding,

---

[1] Defendant Camillo, who was charged in both conspiracies and 30 of the 31 Counts, pleaded guilty to three of the counts asserted against him.

Rana, and K. Meo on Counts 1-6; a separate trial of Defendants Goodwin, Jones, the McTizics, and AMS on Counts 7-24; and a separate trial of AMS on counts 25-31.

Various Defendants also moved for further severance based on allegations of improper joinder or to avoid prejudice under Rule 14(a), Fed. R. Crim. P., including (i) arguments that they should not be tried on any count in which they are not named; (ii) arguments that they had no knowledge of or interaction with some of the Defendants also named in their severed trial; (iii) arguments that even if severed, joint trials of Counts 1-6 or 7-24 would raise *Bruton*[2] issues, expose them to mutually antagonistic defenses, require defense attorneys to comment on a co-defendant's failure to testify, and result in "spillover" that the jury would be unable to compartmentalize.

Judge Cohen issued an Order and Report and Recommendation, ordering that Defendant Rana's motion for a bill of particulars be denied and that Defendants' motions for early disclosure of Jencks Act materials (ECF No. 264 and 301) and for early production of Jencks Act materials and to compel production of Jencks Act materials and to compel production of statements of non-cooperating witnesses be denied (ECF Nos. 142, 200, and 267).   Judge Cohen further recommended that the motions to dismiss of Defendants Rana and Golding be denied; and that Defendants' motions to sever be granted in part and denied in part, ordering separate trials of Counts 1-6, 7-24, and 25-31, consistent with the consent of the United States, but otherwise denying the various motions for further severance or separate trials. (ECF No. 350).

---

[2] *Bruton v. United States*, 391 U.S. 123, 126 (1968)

Defendant D. McTizic filed Objections to the R&R, however he thereafter withdrew his objection on July 17, 2018 (ECF No. 384).   Defendant Rana filed an objection (ECF No. 360) to the recommendation denying his motion to dismiss the indictment (ECF No. 139) and to the order denying his alternative motion for bill of particulars (ECF No. 140).   The United States filed a response to Defendant Rana's objections.   No Defendants filed any objections to the Magistrate Judge's recommendations with respect to severance or to the Magistrate Judge's orders denying early production of Jencks Act Materials or to compel production of statements of non-cooperating witnesses.   Nor did Defendant Golding file an objection to the recommendation that his motion to dismiss the indictment be denied.

When a party objects to a report and recommendation in a criminal case, the court is required to "make a de novo determination of those portions of the record or specified proposed findings or recommendations to which objection is made."   *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of Defendants' motions to dismiss and of Defendant Rana's alternative motion for bill of particulars, as well as the various motions to sever.   Based on that review, the undersigned concludes that the Magistrate Judge made proper findings and correctly analyzed the issues.   The Court therefore adopts and incorporates the thorough reasoning in the Order and Report and Recommendation.

## A.  Defendants' Motions to Sever

After careful consideration, and in light of the fact that no Defendant filed any objections to the Magistrate Judge's recommendation on the motions to sever, the Court

4

will adopt and sustain the well-reasoned recommendation of the Magistrate Judge on the various motions to sever, for the reasons set forth in the R&R.   To avoid any issues regarding improper joinder or prejudice from a joint trial, and in light of the agreement of the United States to conduct three separate trials, the Court finds it appropriate to order separate trials of Counts 1-6, 7-24, and 25-31.   However, the Court finds Defendants' arguments for further severance and separate trials to be unpersuasive, and any issues with regard to *Bruton* to be unsupported on the current record.   As such, all such motions of Defendants for further severance are rejected for the reasons stated in the R&R.

### B.  Defendant Rana's Motion to Dismiss Indictment and Counts

In his Objections, Defendant Rana objects to the Magistrate Judge's findings that the indictment sufficiently charges the offenses in Counts 1 and 3-6 against him, and that the indictment sufficiently alleges the facts necessary to support a "health care fraud scheme" under 18 U.S.C. § 1347, and a conspiracy against him.   Based on a review of the record, the Court overrules Defendant Rana's objections and denies the motion to dismiss the indictment and counts.

As the Magistrate Judge correctly noted, a sufficient indictment must contain a plain, concise and definite statement of all essential elements of each offense, fairly inform each defendant of the charge against which he must defend, and allege information adequate to allow a defendant to plead to a conviction or an acquittal as a bar to a future prosecution for the same offense.  *Hamling v. United States*, 418 U.S. 87, 117 (1974).   It "should not be read in a hyper[-]technical fashion and should be 'deemed sufficient unless no reasonable construction can be said to charge the offense.'"   *United States v. O'Hagan*,

139 F.3d 641, 651 (8th Cir. 1998) (citation omitted).    In reviewing a motion to dismiss,

the allegations of the indictment must, at this stage, be accepted as true.    *United States v.*

*Sampson*, 371 U.S. 75, 78-79 (1962).

Count 1 alleges a conspiracy between Defendants Camillo, Golding, Rana and K.

Meo, from in or about 2009 to in or about 2012.    Count 1 tracks the language of the

conspiracy statute, identifies the federal criminal statutes that are the object of the

conspiracy, alleges the essential elements of the conspiracy, and identifies the nature of the

fraudulent schemes that were the subject of the conspiracy, as required by *United States v.*

*Hayes*, 574 F.3d 460, 473 (8th Cir. 2009).    *See, e.g.,* Indictment, par. 22.    The indictment

alleges that in March 2010, unindicted co-conspirator Azeem Meo and his company were

excluded from participating in Medicare and Medicaid Programs, but that, as part of the

conspiracy, he illegally participated in Allegiance after his exclusion.    And as further

required by *Hayes*, the indictment alleges the conspiracy took place between 2009 and

2012, and had as its purposes concealing Azeem Meo's illegal involvement and

participation in Allegiance; soliciting, offering, paying and receiving illegal kickbacks for

referring, arranging for, and recommending that specimens be sent to Allegiance; receiving

Medicare and Medicaid reimbursement for testing specimens that were obtained in

exchange for illegal remunerations and for services that were up-coded and not rendered;

and to receive and distribute the proceeds and benefit financially.    *Id.,* par. 23.    It further

identifies Defendant Rana's connection to Allegiance and describes conduct by various

co-conspirators, including Rana.    For example, the indictment alleges "defendants entered

into contracts among themselves and with other individuals and businesses and agreed to

6

pay for each specimen that was referred or sent to Allegiance for testing."   *Id.*, par. 38.   It further alleges that "defendants offered and paid doctors, directly or through their businesses, for the referrals that the doctors made to Allegiance" and describes the conduct of the defendants with respect to illegal kickbacks.   It specifically alleges that Camillo, Rana, K. Meo and Azeem Meo met and discussed with one another payments they were making to doctors for referrals, and that defendants based the kickback payments on the volume of specimens received and the value of the tests performed on the specimens.   *Id.*, pars. 44-49.   Although not required to allege any specific overt act by Rana, the indictment identifies overt acts involving Rana in paragraphs 51 and 52.   As the Magistrate Judge properly found in the R&R, these allegations are sufficient to charge a conspiracy in violation of 18 U.S.C. Sections 371 and 2.

Likewise, Counts 3-6 sufficiently allege a health care scheme that included a scheme to submit reimbursement claims to Medicare for services by Allegiance, when defendants *knew* that Medicare would not pay for services obtained by illegal kickbacks and performed by a laboratory controlled by an excluded person.   It incorporates paragraphs 1-20 and 24-29, including the illegal involvement by Azeem Meo and Rana's relation to Allegiance.   It further alleges that it was part of the scheme that "defendants" offered, solicited, paid, and received illegal kickbacks for referring and sending specimens to Allegiance; concealed the illegal kickbacks by entering into sham contracts; submitted or caused to be submitted for reimbursement claims to Medicare and Medicaid for tests performed on specimens obtained by illegal kickbacks; did not disclose to Medicare and Medicaid that Azeem Meo – an excluded provider – participated in, managed and

controlled Allegiance; and took affirmative steps to conceal from Medicare Azeem Meo's participation in Allegiance.   The specific counts identify four such claims.   These allegations do not simply mention Defendant's name, as Rana contends, but rather allege Rana's knowing involvement in a scheme to defraud and the manner in which these Defendants – including Rana – conducted the fraudulent scheme.   As such, Rana's objection to the Magistrate Judge's recommendation that Defendant's motion to dismiss the indictment and counts is overruled, and the Court adopts and incorporates the R&R on this ground.

Although Defendant Golding did not file any objections to the R&R, for similar reasons and for the reasons stated in the R&R, the Court finds that Defendant Golding's motion to dismiss should be denied.

### C.  Defendant Rana's Motion for Bill of Particulars

Rana further objects to the Magistrate Judge's denial of his alternative motion for a bill of particulars.   As the Magistrate Judge properly noted, the purpose of a bill of particulars is to apprise the defendant of the nature of the charges against him and prevent or minimize surprise.   *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993).   It is not intended to provide discovery or detailed disclosure of the government's evidence at trial. *United States v. Lundstrom*, 880 F.3d 423, 439 (8th Cir. 2018).   As discussed in detail in the R&R, the indictment in this case fully apprises Defendant of the nature of the charges against him, and there is no dispute that the United States has made proper disclosure of discovery.   Whether the government's evidence is sufficient to prove Defendant's

"knowledge" of the illegal scheme or conspiracy is a matter for determination at trial after the receipt of evidence.

### D.  Discovery Motions by Other Defendants

No Defendants filed any objections to the Magistrate Judge's well-supported Orders denying the various motions for early disclosure of Jencks Act materials and statements of co-conspirators.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Rehan Rana's objections [ECF No. 360] are overruled, and the Order, Report and Recommendation of United States Magistrate Judge [ECF No. 350] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant Rana's Motion to Dismiss the Indictment and Counts [ECF No. 139] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Rana's Motion for Bill of Particulars [ECF No. 140] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motions to sever [ECF Nos. 141, 186, 198, 257, 263, 266, and 299] are **GRANTED**, to the extent that separate trials will be held on Counts 1-6, 7-24, and 25-31, but except as granted herein, such motions are **DENIED**.

**IT IS FURTHER ORDERED** that Counts 1-6 will be severed for separate trial, and Defendants Golding, Rana and K. Meo will be tried together on said Counts; Counts 7-24 will be severed for separate trial, and Defendants Goodwin, Jones, D. McTizic, N.

McTizic, and AMS be tried together on said Counts; and Defendant AMS will be tried separately on Counts 25-31.

**IT IS FURTHER ORDERED** that Defendant Golding's motion to dismiss the indictment [ECF No. 199] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will hold a status conference related to the trial settings on **Monday, July 30, 2018 at 10:30 a.m.**   All Defendants who have not already entered into a plea are required to appear.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE


Dated this 24th day of July, 2018.